**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN KINFORD, | 3:12-cv-00181-RCJ (WGC) |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Application for Leave to Proceed in Forma Pauperis (Doc. # 1)[1] initial pleading, which he characterizes as a "Petition for Writ of Habeas Corpus Pursuant to U.S.C. § 2241" (Doc. # 1-1). Upon further review, it is clear that Plaintiff is not seeking a writ of habeas corpus; rather, he is asserting a claim for reinstatement of his Social Security benefits, and the court will treat it as such.

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to

---
[1] Refers to court's docket number.

redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

In his application, Plaintiff indicates that he has been unemployed since 2010, and in that year he made $2,456.74. (Doc. # 1 at 1.) In the last twelve months, he has received a total of $255 from his family. (*Id.*) He appears to have no other assets. Plaintiff is currently incarcerated and his inmate account balance is $ 0.03. (*Id.*) His average monthly inmate account balance is $2.90. (*Id.*)

Based on the information contained in his application, the court finds it is unlikely Plaintiff would be able to pay the $350 filing fee given the fact that he has virtually no monthly income. Therefore, Plaintiff's application to proceed in forma pauperis (Doc. # 1) should be granted.

## II.  DISMISSAL OF COMPLAINT

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)

when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff alleges that he was in a motor cycle accident in 2004, and began receiving Social Security benefits in the amount of $755 per month. (Doc. # 1-1 at 1-2.) Plaintiff was subsequently convicted of a crime and incarcerated, and his benefits stopped. (*Id.* at 2.) He requests that his benefits restored. (*Id.*) Plaintiff acknowledges that Social Security benefit payments stop once a person is convicted of a crime, but argues that because they are rehabilitative in nature, they should continue. (*Id.*)

The suspension of an incarcerated individual's Social Security benefits is authorized by 42 U.S.C. § 402(x)(1)(A)(i), which provides:

3

**(X) Limitation on payments to prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees**
    **(1)(A)** Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual--
        (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense[.]

42 U.S.C. § 402(x)(1)(A)(i).

While Plaintiff urges that his benefits should be restored because they are rehabilitative in nature, "[t]he statute leaves no room for discretion[.]" *Butler v. Apfel*, 144 F.3d 622, 627 (9th Cir. 1998).

The court also notes that Plaintiff did not indicate that he exhausted his administrative remedies before filing suit. *See Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) (all claimants must exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) to invoke the district court's jurisdiction).

Accordingly, Plaintiff's complaint should be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED THAT**:

(1) Plaintiff's request to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The Clerk of the Court should be instructed to **FILE** the complaint (mislabeled as a petition for writ of habeas corpus) (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status should not extend to the issuance of subpoenas at government expense.

(2) The action should be **DISMISSED WITH PREJUDICE**.

///
///
///

The parties should be aware of the following:

    1.    That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

    2.    That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:  May 24, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE